UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL M. LIDDLE,<br><br>    Defendant. | Case No. 14-cv-04761-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS 2 AND 3 AGAINST DEFENDANT MICHAEL M. LIDDLE**<br><br>[Re: ECF 36] |

Plaintiff United States of America filed this action to collect alleged unpaid tax liabilities owed by Defendants Michael M. Liddle ("Liddle") and Lisa Liddle for both personal income taxes and employment taxes related to two companies run by Liddle – Home Director Technologies, Inc. and Home Director, Inc. Portions of the case have been resolved by the parties and dismissed.[1]

The United States moves for summary judgment on its trust fund penalty claims, which are Claims 2 and 3 of the complaint. That motion is GRANTED for the reasons discussed below.

---

[1] The United States recently dismissed Claims 1 and 4 of the complaint and dismissed all defendants other than Liddle. *See* Stipulation, ECF 49. Defendants previously had dismissed their counterclaims against the United States. *See* Order Approving Stipulation and Request for Order Dismissing Counterclaims of Defendants, ECF 23. Thus the only claims remaining in this action are those addressed in this order, that is, the United States' Claims 2 and 3 against Liddle seeking to reduce trust fund penalty assessments to judgment.

## I.  BACKGROUND[2]

Home Director Technologies, Inc.

Liddle was the Chief Executive Officer ("CEO") of Home Director Technologies, Inc. from January 1, 2004 through March 31, 2005. Liddle RFA 36, Exh. 1 to Sampson Decl., ECF 36-4. He had authority to hire and fire employees, approve the company's payments, and determine financial policy. Liddle RFA 37-39, Exh. 1 to Sampson Decl., ECF 36-4. In his role as CEO, Liddle was provided with quarterly financial statements for the corporation, which included accrued balances such as unpaid payroll tax liabilities. Liddle Dep. 110:2-13, Exh. 3 to Sampson Decl., ECF 36-6; Stemm Dep. 100:1-17, Exh. 7 to Sampson Decl., ECF 36-10.

Liddle became aware that Home Director Technologies, Inc. was delinquent in payment of its trust fund taxes at latest by October or November of 2004, when the company's Controller informed him that the company had not been turning over trust fund taxes to the federal government. Liddle Dep. 7816-80:7, Exh. 3 to Sampson Decl., ECF 36-6.[3] Liddle thereafter discussed the issue with the Board of Directors and with the company's Chief Financial Officer ("CFO"), Daryl Stemm. *Id.* 80:8-81:11, 83:12-84:17. The Board passed a resolution that Home Director Technologies, Inc. would pay its outstanding trust fund taxes and would not allow trust fund taxes to go unpaid in the future. *Id.* 92:3-16. However, the company did not pay its delinquent or subsequent trust fund taxes. Instead, Liddle, Stemm, and other company officials made the decision to pay payroll and other operating expenses. Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty at 4, Exh. 23 to Nicholas Decl., ECF 36-26; Stemm Dep. 65:22-25, 74:1-16, Exh. 7 to Sampson Decl., ECF 36-10.

On August 20, 2007, Liddle consented to an extension of the statute of limitations for assessment of penalties for Home Director Technologies, Inc.'s unpaid trust fund taxes for the tax

---

[2] The facts set forth in this section are undisputed by the parties unless otherwise noted.

[3] Other evidence in the record indicates that Liddle became aware of the tax delinquency as early as June 2004. *See* Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty at 4, Exh. 23 to Nicholas Decl., ECF 36-26. However, because the United States has established that Liddle is subject to penalty for all quarters at issue even assuming the later discovery date, the Court assumes the October/November 2004 date to be accurate for purposes of this motion.

United States District Court
Northern District of California

periods ending March 31, 2004 through March 31, 2005. Form 2750, Waiver Extending Statutory Period for Assessment of Trust Fund Recovery Penalty, Exh. 24 to Nicholas Decl., ECF 36-27. The Internal Revenue Service ("IRS") assessed civil penalties against Liddle under 26 U.S.C. § 6672 for unpaid trust fund taxes of Home Director Technologies, Inc. for the first, second, and fourth quarters of 2004 and the first quarter of 2005. Nicholas Decl. ¶ 10 and Exhs. 25-28, ECF 36-3, 36-28, 36-29, 36-30, 36-31.

Home Director, Inc.

Liddle was the CEO and the Chairman of the Board of Home Director, Inc. from January 1, 2007 through March 31, 2008. Liddle RFA 49, Exh. 1 to Sampson Decl., ECF 36-4. He had authority to hire and fire employees, approve the company's payments, and determine financial policy. Liddle RFA 51-53, Exh. 1 to Sampson Decl., ECF 36-4. By September 30, 2007, Liddle had become aware that Home Director, Inc. was not paying its trust fund taxes over to the federal government. Liddle RFA 59, Exh. 1 to Sampson Decl., ECF 36-4. The company was receiving revenue and was paying other corporate obligations such as payroll and travel expenses. Liddle Dep. 230:2-231:17, Exh. 3 to Sampson Decl., ECF 36-6.

The IRS assessed civil penalties against Liddle under § 6672 for unpaid trust fund taxes of Home Director, Inc. for the four quarters of 2007 and the first quarter of 2008. Nicholas Decl. ¶ 12 and Exhs. 30-34, ECF 36-33, 36-34, 36-35, 36-36, 36-37. On August 12, 2009, Liddle signed an agreement consenting to an assessment of a penalty against him in the amount of $567,396.83 for Home Director, Inc.'s unpaid trust fund taxes for the four quarters of 2007 and the first quarter of 2008. Form 2751, Agreement to Assessment and Collection of Trust Fund Recovery Penalty, Exh. 29 to Nicholas Decl., ECF 36-32.

United States' Claims for Unpaid Trust Fund Taxes

The United States filed this action in October 2014. Claims 2 and 3 seek to reduce to judgment the civil penalties assessed against Liddle for the unpaid trust fund taxes of Home Director Technologies, Inc. and Home Director, Inc.

Liddle concedes that he was a "responsible person" under § 6672 with respect to both Home Director Technologies, Inc. and Home Director, Inc., meaning that he had a duty to pay

1  over to the federal government all federal taxes withheld from the wages of those companies'
2  employees. Liddle also concedes that those trust fund taxes were not paid for the quarters in
3  question. However, he contends that his conduct was not "willful" under § 6672, which provides
4  that a responsible person who willfully fails to collect or pay over trust fund taxes is subject to a
5  monetary penalty equal to the total amount of taxes not collected or paid over.
6  The United States now seeks summary judgment on Claims 2 and 3.

## II. LEGAL STANDARD

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The moving party has the burden of establishing that there is no dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "[T]he 'mere existence of a scintilla of evidence in support of the plaintiff's position'" is insufficient to defeat a motion for summary judgment. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

Employers are required to withhold federal taxes from their employees' wages. *Buffalow v. United States*, 109 F.3d 570, 572 (9th Cir. 1997). Those taxes are held in trust for the federal government and thus are known as "trust fund taxes." *Id.* "Because the trust fund taxes seem to be a source of ready cash, it sometimes happens that a company, which has cash flow difficulties, will draw upon them rather than paying them over to the government." *Id.* "If the tax liability were only that of the company, the government could suffer substantial losses when companies fail . . . because the employees must be credited with the withheld amounts in any event." *Id.* at 572-73. Congress addressed this problem by enacting 26 U.S.C. § 6672, which provides in

relevant part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). "The recovery of a penalty under section 6672 entails showing that the individual both was a 'responsible person' and acted willfully in failing to collect or pay over the withheld taxes." *Davis v. United States*, 961 F.2d 867, 869-70 (9th Cir. 1992).

The United States therefore has the initial burden to submit evidence that Liddle (1) was a responsible person with respect to both Home Director Technologies, Inc. and Home Director, Inc. and (2) willfully failed to pay over the companies' trust fund taxes for the relevant quarters. If the United States meets its initial burden, the burden shifts to Liddle to submit evidence sufficient to create a triable issue as to whether he was a responsible person or whether he acted willfully.

### A. Responsible Person

"[R]esponsibility is a matter of status, duty, and authority, not knowledge." *Davis*, 961 F.2d at 873. "Authority turns on the scope and nature of an individual's power to determine how the corporation conducts its financial affairs; the duty to ensure that withheld employment taxes are paid over flows from the authority that enables one to do so." *Purcell v. United States*, 1 F.3d 932, 937 (9th Cir. 1993). Thus in *Davis*, the Ninth Circuit concluded that the taxpayer company's president and major shareholder was a responsible person despite his assertions that he did not know of the delinquency until after the trust fund taxes were overdue, holding that "his status and role in the corporation made him a responsible person from the day the first salary was paid" during the relevant period. *Davis*, 961 F.2d at 873.

The United States contends that Liddle is a responsible person for both Home Director Technologies, Inc. and Home Director, Inc. by virtue of his position as CEO of both companies and his authority with respect to the manner in which the companies conducted their financial affairs. The United States has presented significant evidence regarding Liddle's positions and authority at both companies, discussed above, including discovery responses, deposition testimony, and information disclosed in forms submitted to the IRS. *See, e.g.,* Liddle RFA 36,

Exh. 1 to Sampson Decl., ECF 36-4; Liddle Dep. 110:2-13, 230:2-231:17, Exh. 3 to Sampson Decl., ECF 36-6; Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty at 4, Exh. 23 to Nicholas Decl., ECF 36-26.  This evidence is sufficient to satisfy the United States' initial burden on summary judgment as to the responsible person element of its claims.  The burden thus shifts to Liddle to present evidence sufficient to create a triable issue of fact as to his status as a responsible person.

Liddle does not dispute his status as a responsible person, stating in his opposition brief that "it is that element of willfulness that becomes the focus of this response." Def.'s Opp. at 5, ECF 45.  Accordingly, the United States has established Liddle's status as a responsible person for both Home Director Technologies, Inc. and Home Director, Inc.

**B.     Willfulness**

"Willfulness, within the meaning of section 6672, has been defined as a voluntary, conscious and intentional act to prefer other creditors over the United States." *Davis*, 961 F.2d at 871 (internal quotation marks and citations omitted).  "An intent to defraud the government or other bad motive need not be proven." *Id.*  Thus "conduct motivated by a reasonable cause may nonetheless be willful." *Id.*

Despite the above articulation of the law by the Ninth Circuit, Liddle asks this Court to rely on decisions of other circuits to find that his conduct was not willful if it was motivated by "reasonable cause."  The Second Circuit recognizes a reasonable cause defense to liability under § 6672 where the responsible person reasonably believed the trust fund taxes were being paid.  *See Winter v. United States*, 196 F.3d 339, 345 (2d Cir. 1999).  The Fifth Circuit has found reasonable cause where the responsible party relied upon advice of counsel.  *See Newsome v. United States*, 431 F.2d 742, 748 (5th Cir. 1970).  The Tenth Circuit applies the defense where the responsible person's efforts to pay the taxes have been frustrated by circumstances outside his or her control.  *See Smith v. United States*, 555 F.3d 1158, 1170 (10th Cir. 2009).[4]  Liddle cites no cases

---

[4] Although Liddle argues that the Eleventh Circuit also recognizes a reasonable cause defense, the case he cites states expressly that the Eleventh Circuit has not recognized the defense.  *See Thosteson v. United States*, 331 F.3d 1294, 1301 (11th Cir. 2003).

suggesting that the Ninth Circuit has adopted any of these reasonable cause defenses. To the contrary, to the extent that the Ninth Circuit has addressed the issue, it has declined to find that reasonable cause can negate liability under § 6672. *See, e.g., Phillips v. IRS*, 73 F.3d 939, 942 (9th Cir. 1996) ("[C]onduct motivated by reasonable cause, such as meeting the payroll, may be 'willful.'"); *Davis*, 961 F.2d at 871 ("[C]onduct motivated by a reasonable cause may nonetheless be willful"); *Sorenson v. United States*, 521 F.2d 325, 329 (9th Cir. 1975) ("'[R]easonable cause' or 'justifiable excuse,' [is] a defense which has been specifically rejected by this court."). Consequently, even if Liddle had presented a factual basis for applying another circuit's reasonable cause defense (which he has not), he has not presented a legal basis for applying such a defense within the Ninth Circuit.

In the Ninth Circuit, even "'reckless disregard' of whether the taxes are being paid over, as distinguished from actual knowledge of whether they are being paid over, may suffice to establish willfulness." *Phillips*, 73 F.3d at 942. The Ninth Circuit held in *United States v. Leuschner* that where a CEO knew that the company's controller previously had failed to pay trust fund taxes on behalf of a different company at which both the CEO and controller had worked in the past, the CEO's failure to take action to prevent a recurrence at the second company was willfulness as a matter of law. *United States v. Leuschner*, 336 F.2d 246, 248 (9th Cir. 1964).

A responsible person may be liable for unpaid trust fund taxes that accrued before he became aware of the delinquency. In *Davis*, the Ninth Circuit held that the company's president was subject to penalty under § 6672 even if he lacked knowledge of the company's failure to pay trust fund taxes until after they were due, because after learning of the delinquency he used company funds to satisfy other creditors rather than to pay the past-due taxes. *Davis*, 961 F.2d at 876. The rule has been summarized as follows: "If a responsible person knows that withholding taxes are delinquent, and uses corporate funds to pay other expenses, even to meet the payroll out of personal funds he lends the corporation, our precedents require that the failure to pay withholding taxes be deemed 'willful.'" *Phillips* 73 F.3d at 942.

The Ninth Circuit has recognized that the standards articulated above "may seem oppressive to the employer and employees," and may result in liability where the defendant is

"unwittingly" willful. *Phillips*, 73 F.3d at 942. However, the Court has applied these "harsh, even somewhat counter-intuitive" standards because "it is the law." *Buffalow*, 109 F.3d at 573.

The United States has presented evidence that Liddle learned of Home Director Technologies, Inc.'s failure to pay trust fund taxes at latest by October or November 2004. Liddle Dep. 7816-80:7, Exh. 3 to Sampson Decl., ECF 36-6. However, instead of ensuring that all available corporate funds were remitted to the federal government to pay down the delinquency, Liddle authorized use of corporate funds to satisfy payroll and operating expenses. Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty at 4, Exh. 23 to Nicholas Decl., ECF 36-26; Stemm Dep. 65:22-25, 74:1-16, Exh. 7 to Sampson Decl., ECF 36-10.

The United States also has presented evidence that Liddle learned of Home Director, Inc.'s failure to pay trust fund taxes at latest by September 30, 2007. Liddle RFA 59, Exh. 1 to Sampson Decl., ECF 36-4. After learning of the delinquency, Liddle permitted Home Director, Inc.'s funds to be used to pay payroll and other expenses rather than to pay the overdue trust fund taxes. Liddle Dep. 230:2-231:17, Exh. 3 to Sampson Decl., ECF 36-6.

This evidence is sufficient to meet the United States' initial burden to establish willfulness with respect to all quarters at issue for both Home Director Technologies, Inc. and Home Director, Inc. As noted above, a responsible person acts willfully as a matter of law if he knows that trust fund taxes are overdue but directs payment of other obligations, even payroll, instead of paying down the delinquency. *See Phillips v. IRS*, 73 F.3d at 942; *Davis*, 961 F.2d at 876. Moreover, because Stemm acted as the CFO for both companies, Liddle had a duty to be particularly vigilant with respect to the trust fund tax obligations of Home Director, Inc. given his knowledge of Stemm's previous failure to pay trust fund taxes for Home Director Technologies, Inc. *See Leuschner*, 336 F.2d at 248. The burden thus shifts to Liddle to submit evidence sufficient to create a triable issue of fact as to willfulness.

In opposition to the United States' motion, Liddle submits only two pieces of evidence: (1) his own declaration and (2) his counsel's declaration. Counsel's declaration, including two gift deeds attached thereto, relates to claims that have been dismissed from the complaint. Counsel's declaration is irrelevant to Liddle's liability for civil penalty under § 6672.

Liddle's declaration contains only two sentences relevant to the United States § 6672 claims, neither of which is sufficient to create a triable issue of material fact. First, Liddle states as follows: "I admit that I did not know about the outstanding unpaid payroll tax obligations of Home Director, Inc. until October or November 2004." Liddle Decl. ¶ 3, ECF 45-1. Presumably, Liddle intended to state that he did not know about the unpaid tax obligations of Home Director *Technologies*, Inc. until October or November 2004. Even assuming that Liddle's statement refers to Home Director Technologies, Inc., it does not create a triable issue of material fact because the United States' evidence of Liddle's conduct *after* discovering the delinquency – specifically, payment of payroll and other obligations instead of payment to the federal government – establishes willfulness under the authorities cited above. Next, Liddle states that: "I admit that I did not receive any notice from IRS that Home Director Technologies, Inc. failed to remain it [sic] compliance with its plan to repay taxes." *Id.* ¶ 4. Evidence that Liddle did not receive notice from the IRS does not create a triable issue as to willfulness given evidence that Liddle directed payment of payroll and other obligations after knowing of the trust fund tax delinquency.

Liddle argues in his opposition brief that "[w]ith respect to Home Director, Inc. the record relied on by the United States does not even show when Mr. Liddle first learned of the unpaid employment taxes and then what steps he took after learning of this fact." Def.'s Opp. at 6, ECF 45. This argument ignores the United States' submission of and citation to Liddle's discovery responses in which he admitted that he learned of Home Director, Inc.'s nonpayment of trust fund taxes by September 2007. *See* Liddle RFA 59, Exh. 1 to Sampson Decl., ECF 36-4. The argument likewise ignores the United States' evidence that after Liddle learned of the delinquency, he permitted Home Director, Inc.'s funds to be used to pay payroll and other expenses rather than to pay the overdue trust fund taxes. *See* Liddle Dep. 230:2-231:17, Exh. 3 to Sampson Decl., ECF 36-6.

Because the United States has met its initial burden of establishing that Liddle is a responsible person who willfully failed to pay over trust fund taxes owed by both Home Director Technologies, Inc. and Home Director, Inc., and Liddle has failed to submit evidence sufficient to dispute those facts, the United States' motion for summary judgment is GRANTED.

9

## IV. ORDER

(1) The United States' motion for summary judgment against Liddle on Claims 2 and 3 is GRANTED; and

(2) The United States shall submit a proposed judgment within seven days after entry of this order.

Dated: January 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge